IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD CRIST,

    Petitioner,

v.                                                                          No. 21-cv-0098 JCH-KBM
                                                                             No. 16-cr-4356 JCH-KBM

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Edward Crist's 28 U.S.C. § 2255 habeas motion (CR Doc. 80; CV Doc. 1) (Habeas Motion). Also before the Court are his motions seeking an extension of time to demonstrate tolling, leave to proceed *in forma pauperis*, and requesting discovery. (CV Docs. 2-4). Crist asks the Court to vacate his federal robbery and firearm convictions. Having reviewed the record and applicable law, the Court will grant the motions in part, as described below.

**I.  Procedural Background**

In 2019, Crist pled guilty to Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a). (CR Doc. 70). The Court (Hon. Judith Herrera) sentenced him to 220 months imprisonment. (CR Doc. 77). Judgment on the conviction and sentence was entered on October 11, 2019. *Id.* Crist did not appeal, in accordance with the waiver in the plea agreement. (CR Doc. 70 at 11). On February 4, 2021, Crist filed the instant Habeas Motion. (CR Doc. 80). He alleges counsel was ineffective and that the Court lacked jurisdiction to enter the Judgment. The Court will review the Habeas Motion before turning to his motions.

Case 1:21-cv-00098-JCH-KBM   Document 5   Filed 04/05/21   Page 2 of 4

**II. Initial Review of the Habeas Motion**

The Motion is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2255. Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1)    The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)    The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)    The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the Judgment was entered October 11, 2019. It became final no later than October 26, 2019, following the expiration of the 14-day appeal period. *See United States v.*

*Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment).   Absent tolling, the limitation period expired on October 26, 2020, and Crist's Habeas Motion filed on February 4, 2021 is time-barred.

Crist appears to acknowledge this issue and requests a sixty-day extension to file a response demonstrating grounds for tolling.   The Court will grant the Motion for Extension (CV Doc. 2), to the extent it implicates the response rather than the actual statute of limitations.   Crist shall file a response within sixty (60) days of entry of this Order showing cause why his Habeas Motion should not be summarily dismissed.   Failure to timely comply or overcome the time-bar will result in dismissal of the habeas action without further notice.

As to Crist's Motion to Proceed *In Forma Pauperis* (CV Doc. 3), it will be granted, in part. There is no filing fee for a § 2255 proceeding, but he may take advantage of the other benefits of *in forma pauperis* status such as Court-supplied service.   Crist finally seeks records from his federal criminal case including the docket sheet; sentencing transcript; plea hearing transcript; plea agreement; judgment; and presentence investigation report.   (CV Docs. 3 at 1).   He also seeks extra-record documents pertaining to his arrests and prosecution in the Sandia Pueblo and New Mexico state court.   (CV Doc. 4 at 13-14).   Habeas Corpus Rule 6(a) provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure."   The Court finds good cause to direct the Clerk to mail Crist a copy of the requested federal criminal filings, except for the sentencing transcript.   That transcript is not yet part of the criminal record.   It would be premature to order production of that transcript before determining whether the Habeas Motion is time-barred, particularly since Crist has not shown how

the sentencing transcript relates to any tolling arguments.   The Court will deny Crist's request for documents from other courts and police stations for the same reason.   If Crist overcomes the time-bar, he may renew his request for additional discovery.

**IT IS ORDERED** that the Motion for Extension (**CV Doc. 2**) is **GRANTED, in part**; and within sixty (60) days of entry of this Order, Crist must file a response showing cause, if any, why his Habeas Motion should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that the Motion to Appeal *In Forma Pauperis* (**CV Doc. 3**) is **GRANTED, in part**.   There is no filing fee for this action, but Crist is entitled to any other benefits of *in forma pauperis* status.

**IT IS FINALLY ORDERED** that the Motions for Discovery (**CV Docs. 3, 4**) are **GRANTED, in part,** and **DENIED, in part**, as set forth above.   The Clerk's Office shall **MAIL** Crist a copy of: (1) the docket sheet in 16-cr-4356 JCH-KBM; (2) the plea hearing transcript (CR Doc. 82); (3) the plea agreement (CR Doc. 70); (4) the criminal judgment (CR Doc. 77); and (5) the presentence investigation report (CR Doc. 72).

_____
UNITED STATES MAGISTRATE JUDGE

4