THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD CRIST,

      Petitioner,

v.                                                                No. 21-cv-0098 JCH-KBM
                                                                 No. 16-cr-4356 JCH-KBM

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Edward Crist's *pro se* Motion to Vacate Convictions Under 28 U.S.C. § 2255 (CV Doc. 1; CR 80). Also before the Court is his Motion to Amend (CV Doc. 6). Crist challenges his federal armed robbery convictions based on, inter alia, ineffective assistance by counsel. The Court previously directed him to show cause why his § 2255 claims should not be dismissed as time-barred. Having considered Crist's arguments and applicable law, the Court will grant the Motion to Amend but dismiss the Amended Petition with prejudice.

## BACKGROUND

In 2019, Crist pled guilty to Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a). *See* CR Doc. 70. The Court sentenced him to 220 months imprisonment. *See* CR Doc. 77. Judgment on the conviction and sentence was entered on October 11, 2019. *Id.* Crist did not appeal, in accordance with the waiver in the plea agreement. *See* CR Doc. 70 at 11. On February 4, 2021, Crist filed a § 2255 motion. *See* CV Doc. 1; CR Doc. 80. He alleges counsel was ineffective and that the Court lacked jurisdiction to enter the Judgment. Crist also sought discovery of certain items in his

criminal case.

By an Order to Show Cause entered April 5, 2021, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred, absent tolling.   *See* CV Doc. 5 (OSC).   The OSC also granted Crist's request for discovery, in part, and directed the Clerk to mail him copy of: (1) the docket sheet in 16-cr-4356 JCH-KBM; (2) the plea hearing transcript (CR Doc. 82); (3) the plea agreement (CR Doc. 70); (4) the criminal judgment (CR Doc. 77); and (5) the presentence investigation report (CR Doc. 72).   Crist timely filed his show cause response (CV Doc. 7).   He also filed a Motion for Leave to Submit an Amended Section 2255 Motion along with a Proposed Amended Section 2255 Motion (CV Doc. 6).   The Amended Motion raises five habeas claims:

Claim 1:   Ineffective assistance of counsel during pretrial proceedings.

Claim 2:   Ineffective assistance of counsel during plea proceedings.

Claim 3:   Ineffective assistance of counsel during sentencing.

Claim 4:   The Court lacked jurisdiction to impose the sentence.

Claim 5:   The § 922(g) conviction must be vacated pursuant to *Rehaif v. U.S.*, 139 S. Ct. 2191 (2019).

*See* CV Doc. 6.   Claim 5 has several subparts.   The Court will grant leave to amend (CV Doc. 6) and consider whether the Amended Motion is time barred, based on Crist's tolling arguments.

## DISCUSSION

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final.   *See* 28 U.S.C. § 2255(f).   The one-year limitation period can be extended where:

(1)      The defendant was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)      The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)      The defendant could not have discovered "the facts supporting the claim … through the exercise of due diligence."   § 2255(f)(4).

Because the limitation period is not jurisdictional, equitable tolling may also be available.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Crist's Judgment was entered October 11, 2019.   It became final no later than October 26, 2019, following the expiration of the 14-day appeal period.   *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment).   Absent tolling, the limitation period expired on October 26, 2020, and Crist's § 2255 motion filed on February 4, 2021 is time-barred. The Court explained these principles in its OSC, including the legal standards for statutory and equitable.   Crist's show-cause response raises several arguments to toll or overcome the time-bar, which are discussed below.

### A.   Applicability of the Time-Bar to Claims 4 and 5

As an initial matter, Crist asserts that the one-year limitation period does not apply to Claim 4 (lack of jurisdiction to impose the sentence) and Claim 5 (new Supreme Court law, *Rehaif*).   He contends these claims do "not require equitable tolling because [they] go[] to the jurisdiction of the Court" and that the Government must answer these claims prior to dismissal.  CV Doc. 7 at 2.

Such arguments are inconsistent with the habeas rules and § 2255(f).   Habeas Rule 4 directs courts to dismiss a § 2255 motion without ordering an answer if the arguments and record show no relief is available.   *See* Habeas Corpus Rule 4(b).   As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a … habeas petition."   *Day v. McDonough*, 547 U.S. 198, 209 (2006).   There is no authority creating an exception to this rule for arguments challenging jurisdiction, and the same is true with respect to the limitation period. "Section 2255 specifically contemplates motions made by prisoners alleging that the court lacked jurisdiction to render the judgment or to sentence the prisoner, and § 2255(f) provides no exception to the one-year time limitation period for such challenges."   *Porter v. United States*, 2018 WL 7458652, at *2 (11th Cir. 2018) (citing 28 U.S.C. § 2255(a), (b), (f)).   Claim 4 is therefore subject to § 2255(f).

*Rehaif* is similarly insufficient to overcome the statute of limitations as to Claim 5.   *Rehaif* holds that to support a § 922(g) conviction, the Government must show the defendant knew he had the relevant status as a felon when he possessed a firearm.   139 S. Ct. at 2194.   *Rehaif* does not trigger a new one-year period under § 2255(f)(3) "because the Supreme Court has not made [it] retroactively applicable to cases on collateral review."   *In re Barela*, No. 20-2025 (10th Cir. March 31, 2020).   *See also U.S. v. Scuderi,* 842 Fed. App'x 304, 305 (10th Cir. 2021) ("*Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals").   Accordingly, the arguments based on jurisdiction and *Rehaif* do not provide a "gateway" to overcome the time-bar, and the same statute of limitations applies to all of Crist's claims.[1]

---

[1] To the extent Crist's reference to a "gateway" was intended to raise an actual innocence gateway claim, his show cause response does not establish an entitlement to relief.   "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] …

**B. Equitable Tolling**

Crist also seeks equitable tolling based on his lack of access to the library and inmate paralegals during COVID-19 lockdowns.  Equitable tolling is "a rare remedy to be applied in unusual circumstances."  *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015).  The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing.  *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).  "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances."  *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008).  He must also describe "the steps he took to diligently pursue his federal claims while those circumstances existed."  *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original).  Said differently, the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

Generally, a lockdown that impedes access to relevant law is insufficient to warrant equitable tolling.  *See Winston v. Allbaugh*, 743 F. App'x 257, 258-59 (10th Cir. 2018) (citing *Bickham v. Allbaugh*, 728 Fed. App'x 869, 871 (10th Cir. 2018)); *Jones v. Taylor*, 484 Fed. App'x 241, 242-43 (10th Cir. 2012); *Sandoval v. Jones*, 447 Fed. App'x 1, 4 (10th Cir. 2011); *Phares v.*

---

expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  "[T]enable actual-innocence gateway pleas are rare: 'a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Crist does not proffer any new, credible evidence that he is factually innocent of the crimes, and the actual innocence gateway exception does not apply.

*Jones*, 470 Fed. App'x. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown ... does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition.").    The same is true when an inmate lacks library access for other reasons.    *See Weibley v. Kaiser*, 50 Fed. App'x. 399, 403 (10th Cir. 2002) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling.").    Equitable tolling may be available based on a total lack of legal access, such as "a complete confiscation of [petitioner's] legal materials just weeks before his filing deadline."    *U.S. v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008).    However, the inmate must still establish due diligence.    *Id.*

This law has not changed in the context of the pandemic.    The Tenth Circuit has repeatedly declined to apply equitable tolling where the habeas petitioner had "limited access to the prison law library due to COVID-19 quarantine lockdowns."    *Strickland v. Crow*, 2022 WL 245521, at *4 (10th Cir. 2022).    *See also Donald v. Pruitt*, 853 Fed. App'x 230, 234 (10th Cir. 2021) (same); *Pena-Gonzales,* 2022 WL 214747, at *1 (10th Cir. 2022) (finding no equitable tolling where petitioner alleged "lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the prison law library").    The circumstances in *Donald* are similar to his case.    The petitioner there argued he had "limited access to the law library in the wake of COVID-19" and that "COVID restrictions prevented him from meeting with another inmate for help in preparing and filing his legal documents."    *Donald*, 853 Fed. App'x at 234.    The Tenth Circuit concluded that, notwithstanding these obstacles, the petitioner failed to show "he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place." *Id.*

Crist's equitable tolling arguments fail for the same reason.    His one-year period began to

run on October 26, 2019.   The show cause response alleges:

> Due to the COVID-19 outbreak during the month of April 2020, [the prison] … confined prisoners to their cells, restricting any and all movement to the law library.   (Prisoners were allowed only 20 minutes outside the cells.)   Moreover, [officials] prevented any interaction between prisoners.   Thus, movant was denied any meaningful access to the courts via a law library or legal assistan[t] trained in the law.   Movant was transferred to USP Beaumont and was able to get legal[] assistance and promptly filed his Section 2255 thereafter.

CV Doc. 7 at 3.   Crist does not specify how long the lockdown lasted, aside from adding that he was denied access to courts "for months."   *Id.* at 5.   It also unclear when he was transferred.   The show-cause response only states that in "2020 … he was transferred and allowed to get legal assistance."   *Id.* at 4.   These facts fail to show extraordinary circumstances prevented filing during the one-year window, or even whether Crist was confined to his cell towards the end of the period in September or October 2020.

Moreover, even if Crist established extraordinary circumstances, the facts fail to show he made any diligent efforts to pursue claims during the five months before COVID restrictions were in place or after the lockdowns.   For example, Crist "does not mention particular steps he took to finalize and file the petition while the limitations period ran, such as drafting the petition" or requesting legal access based on the upcoming deadline.   *Pena-Gonzales,* 2022 WL 214747, at *1 (addressing equitable tolling in light of COVID lockdowns).   *See also Gabaldon*, 522 F.3d at 1126–27 (finding due diligence where habeas petitioner made "multiple requests" to obtain "legal materials before his filing deadline").   The show-cause response therefore fails to satisfy either prong of the equitable tolling with respect to a lack of legal access during the unspecified COVID-19 lockdown.

The show cause response also appears to seek equitable tolling based on mental issues.

7

Crist argues he was "likely …unable" to file a § 2255 petition until "he got legal assistance" based on his "education," the fact that he is "unlearned in the law," and his "documented mental issues." CV Doc. 7 at 5.   "It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."  *Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000).   Moreover, an allegation regarding mental issues is insufficient to overcome the time-bar.   "Equitable tolling … based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity.'"  *Alvarado v. Smith*, 713 Fed. App'x. 739, 742 (10th Cir. 2017) (quoting *Reupert v. Workman*, 45 Fed. App'x. 852, 854 (10th Cir. 2002)).   Crist does not allege any of those circumstances exist.   The record also reflects a competency evaluation was completed during the criminal proceeding, and Crist was found competent to proceed to adjudication with medication and certain accommodations.   *See* CR Doc. 72 at 17.   Crist has therefore not show extraordinary circumstances based on ignorance of the law and mental illness.   And, as set forth above, Crist separately failed to show he diligently sought assistance or made any attempt to overcome those issues so that he could file a § 2255 motion within the one-year limitation period.

For these reasons, Crist's show-cause response fails to show an entitlement to tolling.   The one-year limitation period expired on October 26, 2020, and Crist's opening pleading filed on February 4, 2021 is time-barred.   The Court will dismiss the Amended Motion (CV Doc. 6) with prejudice.   The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment

8

of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Edward Crist's Motion to Amend (**CV Doc. 6**) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner Edward Crist's Amended Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255 (CR Doc. 80, amended by CV Doc. 6) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

SENIOR UNITED STATES DISTRICT JUDGE